879 P.2d 784

**In the Matter of Nelson F. CUTTER, Esq., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 22176.

Supreme Court of New Mexico.

Aug. 23, 1994.

David Baca, Albuquerque, for Disciplinary Bd.

Nelson F. Cutter, Las Cruces, respondent.

OPINION

PER CURIAM.

This matter comes before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 to 17–316 (Repl. Pamp.1991 and Cum.Supp.1994) in which attorney Nelson F. Cutter was found to have committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 to 16–805 (Repl.Pamp.1991 and Cum.Supp. 1994). Pursuant to Rule 17–316(D), we adopt the Disciplinary Board's Findings of Fact and Conclusions of Law as well as the recommendation of the Disciplinary Board that the respondent be suspended from the practice of law for a period of twelve (12) months pursuant to Rule 17–206(A)(2), said suspension to be deferred pursuant to Rule 17–206(B)(1), under the terms and conditions set forth in the Board's recommendation.

On or about January 3, 1992, Cutter entered an appearance on behalf of Frances C. Garcia in a pending domestic relations matter. After undertaking the representation of Frances Garcia, Cutter failed to take the necessary steps to obtain a modified restraining order, interim child support, or the sole possession of the marital home for his client. Additionally, on or about February 6, 1992, Cutter agreed to and signed off on a temporary restraining order that subsequently was amended with Cutter's approval on February 14, 1992. The order restrained only Cutter's client, Frances Garcia. Furthermore, Cutter did not obtain permission from or consult with Frances Garcia regarding the approval of the restraining order.

On the basis of the above conduct, the hearing committee and the Board found that Cutter violated Rule 16–101 by failing to act competently on behalf of Frances Garcia. The hearing committee and the Board also determined that Cutter violated Rule 16–102 by failing to (1) consult with Frances Garcia in an effort to explain the tactics employed

on her behalf and (2) keep the client reasonably informed as to the status of her legal matter.

On or about November 5, 1992, Cutter was retained to represent Diane Mayo in a domestic relations matter. A hearing subsequently was scheduled for April 26, 1993, in the Otero County District Court. Due to misinformation provided to Diane Mayo by Cutter's employees, she did not attend the hearing, although her attendance was not required and Cutter prevailed on the issue before the court. The hearing committee found that "[n]o harm resulted to the client from the non-attendance."

Diane Mayo subsequently terminated Cutter as her attorney. At the time of the termination, Diane Mayo owed Cutter approximately $600.00 in legal fees, which he wrote off voluntarily. Cutter cancelled the debt as part of his acceptance of the responsibility for the misunderstanding regarding his failure to notify the client of the April 26, 1993 hearing. Nonetheless, when Cutter learned that Diane Mayo filed a disciplinary complaint against him, he reinstated the debt, sued her for collection of his fee, and subsequently obtained a judgment.

In this instance, the hearing committee and the Board found that Cutter violated Rule 16–103 by failing to act diligently and promptly in representing Diane Mayo. Furthermore, the committee and the Board found that Cutter violated Rule 16–803(D) by suing his former client in response to her filing a disciplinary complaint against him. The committee and the Board determined that Cutter failed to assist and cooperate with the disciplinary process, and potentially hindered disciplinary counsel in the discharge of their duties, by engaging in obstruction of the disciplinary process by suing a former client in retaliation for the client having filed a disciplinary complaint.

This Court previously has noted its disinclination to erect technical barriers that "would discourage members of the public from bringing their concerns about an attorney's conduct to the attention of the disciplinary board." *In re Nails,* 105 N.M. 89, 92, 728 P.2d 840, 843 (1986). Of greater concern is that the public should not be discouraged

from filing a disciplinary complaint by way of an attorney's threats, intimidation, or actual retaliation. Any attempt by counsel to prevent the filing of a disciplinary complaint will not be tolerated and will be viewed as a failure to cooperate with this Court, the Disciplinary Board, and its hearing committees and disciplinary counsel in the discharge of their respective functions and duties.

In February 1993, an order was entered appointing Cutter as counsel for a respondent in a neglect and abuse case. No custody hearing was held within the time period prescribed in SCRA 1986, Rule 10–303, because counsel filed a stipulated custody order with the court that was signed by Cutter on his client's behalf. At no time did Cutter review the form of the stipulated custody order or discuss its contents with his client. Subsequently, the client advised the court that she did not understand the contents of the stipulated order nor did she understand the effect of the order. The hearing committee and the Board found that the client's lack of understanding was the direct result of Cutter's failure to adequately inform his client as evidenced by Cutter's own admission that he failed adequately to communicate to his client her right to a hearing.

The hearing committee and the Board found that Cutter violated Rule 16–101 by failing to act competently on behalf of his client in the neglect and abuse case. The hearing committee and the Board also found that Cutter violated Rule 16–102 by failing to consult with his client as to the means by which the objectives of the representation were to be pursued and Rule 16–104(A) by failing to keep his client reasonably informed as to the status of her legal matter.

The Court hereby adopts the findings of fact, conclusions of law, and recommendation of the hearing committee as modified by the Disciplinary Board. The Court agrees that the discipline to be imposed is appropriate based, in part, on the fact that Cutter previously received an informal admonition for violating Rules 16–101 and 16–103 of the Rules of Professional Conduct.

NOW, THEREFORE, IT IS ORDERED that Nelson F. Cutter be and he hereby is

suspended from the practice of law for twelve (12) months pursuant to Rule 17–206(A)(2) and that all of his suspension be deferred pursuant to Rule 17–206(B)(1) under the following terms and conditions:

a. That for the entire period of deferred suspension (12 months) Cutter shall be placed on probation under the supervision of an attorney or attorneys selected by the Disciplinary Board to act as a probationary supervisor.

b. Cutter shall meet with the probationary supervisor once per week for the first four (4) months of probation, and with agreement of the probationary supervisor twice per month thereafter to review the files of all of Cutter's current client matters and to review office record keeping regarding calendars, dockets and client file maintenance.

c. Cutter will provide the probationary supervisor a monthly written inventory of his case load showing the status of each case, all calendar hearings, and the number of new cases taken since the last inventory was submitted.

d. Cutter shall accept instruction from the probationary supervisor regarding case load management and will accept any reasonable limitation that the probationary supervisor places on Cutter's total case load, giving due regard to the nature and complexity of the individual cases, with the recognized and agreed objective of reducing Cutter's case load to a manageable level as that level is reasonably determined by the probationary supervisor.

e. That Cutter take and pass the Multistate Professional Responsibility Examination (MPRE) during the period of probation.

f. During the probationary period, Cutter shall take at his own expense the following listed CLE programs available from CLE of New Mexico, Inc. (at the special rate of 50% off the catalog rental price as has been approved by the CLE director):

91–04–186 The Malpractice Trap (April 1991)

91–12–269 The Pitfalls of Legal Practice (Dec.1991)

92–02–08 Making Your Objectives Count: Ethical Problems Confronting Lawyers

92–06–098 Psychodynamics of a Difficult Divorce

92–01–05 Understanding Legal Issues in Domestic Violence

92–07–05 Tax Issues in Divorce Cases (June–July 1992)

92–03–02 Litigation Skills for the Solo or Small Firm Practitioner

92–12–07 Evidence for the Trial Lawyer

92–02–06 Managing Your Law Practice in the 90's, Maintaining the Balance Between Business and Law (February 1992)

92–07–01 Guardianship & Conservatorship: When, Where, and Why (July 1992)

Taking of these programs shall not result in MCLE credit for Cutter.

g. Cutter shall furnish written reports to the probationary supervisor stating the amount of time spent by him studying each of these programs and including a short precis of the content of the program for review by the probationary supervisor.

h. Cutter will otherwise give his full and prompt cooperation to disciplinary counsel and the Disciplinary Board pursuant to SCRA 1986, 16–803(D), and shall not violate any of the rules of professional conduct during his probationary period.

i. Cutter shall be required to reimburse the probationary supervisor for time spent providing probationary services at the rate of $75 per hour. All such fees shall be paid within twenty-five (25) days of receipt of a statement from the probationary supervisor. Payment of the probationary supervisor's fees shall be deemed a condition of the respondent's probation.

IT IS FURTHER ORDERED that any failure by Cutter to abide by any of the terms and conditions of his probation shall be brought to the attention of this Court by disciplinary counsel pursuant to SCRA 1986, 17–206(G). Should Cutter violate any of the terms and conditions, further discipline shall be imposed. With approval and concurrence of his probationary supervisor and after the probationary period has been successfully

completed, Cutter may apply for full reinstatement pursuant to Rule 17–214(G).

IT IS FURTHER ORDERED that this opinion shall be published in *New Mexico Reports* and the *Bar Bulletin.*

IT IS FURTHER ORDERED that Cutter shall pay the costs of this proceeding in the amount of $3,027.09 on or before September 28, 1994, with interest accruing thereafter on any unpaid balance at the rate of fifteen percent (15%) per annum.

IT IS SO ORDERED.